Robert J. Schoenberg
Stephanie R. Wolfe
RIKER DANZIG SCHERER HYLAND
& PERRETTI LLP
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel: (973) 538-0800
Email: rschoenberg@riker.com

Vishal C. Gupta
Robert Greenfeld
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email: vgupta@steptoe.com

Attorneys for Defendant
Apotex Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELGENE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC.,<br><br>Defendant. | C.A. No. 19-6999 (SDW)(LDW)<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>***Document Filed Electronically*** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT APOTEX INC.

Defendant Apotex Inc. ("Defendant"), by and through its undersigned counsel, respond to the Complaint filed by Plaintiff Celgene Corp. ("Plaintiff") as follows:

## NATURE OF THE ACTION[1]

1. Defendant admits that Plaintiff brought this action for patent infringement. Defendant also admits that Plaintiff brought this action as related to ANDA No. 211022. Defendant further admits that it filed ANDA No. 211022 with the FDA, seeking approval to

[1] Defendant denies any allegation that may be implied or inferred from the headings of Plaintiff's Complaint.

commercially market 2.5 mg, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg lenalidomide oral capsules. Defendant denies any remaining allegations of paragraph 1.

## THE PARTIES

2. Defendant lacks knowledge and information to form a belief as to the truthfulness of the allegations of paragraph 2, and therefore denies them.

3. Defendant admits the allegations of paragraph 3.

## THE PATENTS-IN-SUIT

4. Defendant admits that the ’740 patent issued on March 13, 2007, and is entitled “Methods of Using 3-(4-amino-oxo-1,3-dihydro-isoindol-2-yl)-piperidine-2,6-dione for the Treatment and Management of Myelodysplastic Syndromes,” with Jerome B. Zeldis listed as the inventor. Defendant also admits that, according to the U.S. Patent and Trademark Office’s (“USPTO”) electronic records, Plaintiff is the assignee of the ’740 patent. Defendant further admits that what appears to be an uncertified copy of the ’740 patent was attached to Plaintiff’s Complaint as Exhibit A. Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that the ’717 patent issued on March 26, 2013, and is entitled “Methods of Treating Myelodysplastic Syndromes Using Lenalidomide,” with Jerome B. Zeldis listed as the inventor. Defendant also admits that, according to the USPTO’s electronic records, Plaintiff is the assignee of the ’717 patent. Defendant further admits that what appears to be an uncertified copy of the ’717 patent was attached to Plaintiff’s Complaint as Exhibit B. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that the ’120 patent issued on June 16, 2015, and is entitled “Methods of Treating Myelodysplastic Syndromes with a Combination Therapy Using Lenalidomide and Azacitidine,” with Jerome B. Zeldis listed as the inventor. Defendant also

admits that, according to the USPTO's electronic records, Plaintiff is the assignee of the '120 patent. Defendant further admits that what appears to be an uncertified copy of the '120 patent was attached to Plaintiff's Complaint as Exhibit C. Defendant denies the remaining allegations of paragraph 6.

**THE REVLIMID® DRUG PRODUCT**

7. Defendant admits the allegations of paragraph 7.

8. To the extent paragraph 8 calls for a legal conclusion, no response is required. Insofar as any response is required, Defendant lacks knowledge and information to form a belief as to the truthfulness of the allegations of paragraph 8, and therefore denies them.

9. Defendant admits the allegations of paragraph 9.

10. Defendant lacks knowledge and information to form a belief as to the truthfulness of the allegations of paragraph 10, and therefore denies them.

**JURISDICTION AND VENUE**

11. Paragraph 11 calls for a legal conclusion, and therefore no response is required. Insofar as any response is required, Defendant admits for the instant case only that this Court has subject matter jurisdiction over Plaintiff's claims.

12. Defendant admits that Apotex Inc. is a pharmaceutical company that produces high-quality affordable medicines (both generic and innovative pharmaceuticals) for patients around the world. Defendant lacks knowledge and information to form a belief as to the truthfulness of the remaining allegations of paragraph 12, and therefore denies them.

13. Paragraph 13 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 13.

14. Paragraph 14 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 14.

15. Paragraph 15 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 15.

16. Paragraph 16 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 16.

17. To the extent paragraph 17 calls for a legal conclusion, no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 17.

18. To the extent paragraph 18 calls for a legal conclusion, no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 18.

19. To the extent paragraph 19 calls for a legal conclusion, no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 19.

20. Paragraph 20 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest personal jurisdiction. Defendant denies the remaining allegations of paragraph 20.

21. Paragraph 21 calls for a legal conclusion, and therefore no response is required. For the limited purpose of this action, Defendant does not contest venue. Defendant denies the remaining allegations of paragraph 21.

## ACTS GIVING RISE TO THIS SUIT

22. Defendant admits that ANDA No. 211022 was submitted under 21 U.S.C. § 355(j)(1) and (2)(A), and contained a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of 2.5 mg, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg lenalidomide oral capsules before the expiration of the patents-in-suit. Defendant denies the remaining allegations of paragraph 22.

23. Defendant lacks knowledge and information to form a belief as to the truthfulness of the allegations of paragraph 23, and therefore denies them.

24. Defendant admits the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

## COUNT I
**(Infringement of the ’740 Patent)**

26. Defendant incorporates its responses to paragraphs 1-25 above as if fully set forth herein.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

**COUNT II**
**(Infringement of the ’717 Patent)**

35. Defendant incorporates its responses to paragraphs 1-34 above as if fully set forth herein.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

**COUNT III**
**(Infringement of the ’120 Patent)**

44. Defendant incorporates its responses to paragraphs 1-43 above as if fully set forth herein.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is a prayer for relief, and does not require a response. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant in this action, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the Complaint, without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Defendant reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery. Assertion of a defense is not a concession that Defendant has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's claims are barred in whole or in part because Plaintiff has not stated a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity of the '740 Patent)**

Upon information and belief, the claims of the '740 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 and general principles of patent law.

### THIRD AFFIRMATIVE DEFENSE
**(Non-Infringement of the '740 Patent)**

No acts by any entity related to Defendant have infringed, infringe, or will infringe any valid claim of the '740 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’717 Patent)**

Upon information and belief, the claims of the ’717 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 and general principles of patent law.

**FIFTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of the ’717 Patent)**

No acts by any entity related to Defendant have infringed, infringe, or will infringe any valid claim of the ’717 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’120 Patent)**

Upon information and belief, the claims of the ’120 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 and general principles of patent law.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of the ’120 Patent)**

No acts by any entity related to Defendant have infringed, infringe, or will infringe any valid claim of the ’120 patent.

**EIGHTH AFFIRMATIVE DEFENSE**

Any additional defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

A. That Plaintiff takes nothing by its claims for relief;

B. That Plaintiff’s Complaint be dismissed with prejudice and that Plaintiff’s requests for relief be denied with prejudice;

C. That the Court enter judgment against Plaintiff and in Defendant’s favor in all respects;

D. That the Court enter judgment that the claims of the ’740 patent are invalid;

E. That the Court enter judgment that the claims of the ’717 patent are invalid;

F. That the Court enter judgment that the claims of the ’120 patent are invalid;

G. That the Court enter judgment that the manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Products have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the ’740, ’717, and ’120 patents;

H. That the Court enter judgment that the FDA may approve ANDA No. 211022 concerning Defendant’s lenalidomide oral capsules, 2.5 mg, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg, whenever that application is otherwise in condition for approval, without awaiting any further order, judgment, or decree of this Court; that the judgment entered in this case is a judgment reflecting a decision that the ’740, ’717, and ’120 patents are invalid and/or not infringed pursuant to 21 U.S.C. § 355(j)(5)(B)(iii)(I)(aa); and that the thirty-month period referred to in 21 U.S.C. § 355(j)(5)(B)(iii) and any other marketing exclusivity periods to which Celgene might otherwise be entitled (including any pediatric exclusivity) are shortened to expire upon the date of entry of judgment in this case;

I. That the Court declare this case is exceptional under 35 U.S.C. § 285, and award Defendant its attorneys’ fees and costs incurred in this action; and

J. For an award of such other and further relief as the Court may deem just and proper.

Dated: April 2, 2019

Of Counsel:

John J. Molenda
Vishal C. Gupta
Robert Greenfeld
Richard Praseuth
STEPTOE & JOHNSON LLP

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Attorneys for Defendant
Apotex Inc.

By: *s/ Robert J. Schoenberg*
Robert J. Schoenberg

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Defendant certifies that, to the best of his knowledge, the matters in controversy between the named parties are the subject of the matter captioned *Celgene Corporation v. Apotex Inc.*, Civil Action No. 18-461(SDW) (LDW) and an administrative proceeding pending before the Patent Trial and Appeal Board, Case IPR2018-00685, entitled "Apotex Inc. and Apotex Corp. v. Celgene Corporation."

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Attorneys for Defendant
Apotex Inc.

By: *s/ Robert J. Schoenberg*
Robert J. Schoenberg

1 Speedwell Avenue
Morristown, NJ 07962-1981
Tel: (973) 451-8511
Email: rschoenberg@riker.com

Dated: April 2, 2019

5036514v2

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of the foregoing Answer to Complaint and Affirmative Defenses to be filed electronically with the Court and automatically served by the Court's ECF system upon plaintiff's counsel, Charles M. Lizza, Esq., Saul Ewing Arnstein & Lehr LLP, 1037 Raymond Blvd., Suite 1520, Newark, NJ 07102-5426.

*s/ Robert J. Schoenberg*
Robert J. Schoenberg

Dated: April 2, 2019

5036514v2